


IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELISSA L. WOODS PLAINTIFF

VERSUS CIVIL ACTION NO.: 1:20-cv-00080-HSO-JSG

HANCOCK COUNTY MISSISSIPPI SHERIFF'S DEPARTMENT, RICKY ADAM INDIVIDUALLY AND AS SHERIFF OF HANCOCK COUNTY MISSISSIPPI, TAYLOR REED, INDIVIDUALLY AND AS DEPUTY SHERIFF OF HANCOCK COUNTY MISSISSIPPI, DEPUTY SHONDY GARCIA INDIVIDUALLY AND AS DEPUTY SHERIFF OF HANCOCK COUNTY MISSISSIPPI, DARRELL HUGHES INDIVIDUALLY AND AS DEPUTY SHERIFF OF HANCOCK COUNTY MISSISSIPPI, BEN O'GWIN INDIVIDUALLY AND AS DEPUTY SHERIFF OF HANCOCK COUNTY MISSISSIPPI.
DEFENDANTS

**REDACTED COMPLAINT**

JURY TRIAL REQUESTED

COMES NOW Plaintiff, MELISSA L. WOODS through undersigned counsel, and file this Complaint against the Defendants, Hancock County Mississippi Sheriff's Department, Ricky Adam individually and as Sheriff of Hancock County Mississippi, Taylor Reed, individually and as Deputy Sheriff of Hancock County Mississippi, Deputy Shondy Garcia individually and as Deputy Sheriff of Hancock County Mississippi, Darrell Hughes individually and as Deputy Sheriff of Hancock County Mississippi, Ben O'Gwin individually and as Deputy Sheriff of Hancock County Mississippi, the Defendants, hereinafter collectively referred to as "Defendants"), and in support thereof would show unto this Honorable Court the following:

## PARTIES

1. The Plaintiff, MELISSA L. WOODS, is a citizen of the U.S., and at the time of the incidents made the basis of this complaint was a legal resident of the State of Mississippi, who at the time of the events described within this complaint resided at 5231 Nathan Necaise Road, Perkinston, Mississippi, 39573, Hancock County, and now resides at 21369 Saucier Lizana Road, Saucier, MS 39574, Harrison County.

2. Defendant Hancock County Mississippi is a political subdivision of the State of Mississippi and may be served with process by effecting same upon the Board of Supervisors President, Blaine Lafontaine, and/or the Chancery Clerk for Hancock County Mississippi, Mr. Tim Kellar at the Hancock County Courthouse located at 152 Main Street, Bay St. Louis, Mississippi 39520.

3. Defendant Hancock County Sheriff's Department is a political entity, agency, and/or political subdivision of Hancock County Mississippi which may be served with process upon Sheriff Ricky Adam, or his designee or successor, at the Hancock County Sheriff's Department at the Hancock County Public Safety Complex at 8450 US 90, Bay St. Louis, Mississippi 39520.

4. Defendant Sheriff Ricky Adam, as Sheriff of Hancock County Mississippi, in his individual and official capacity, is an adult resident citizen of Hancock County Mississippi and at all times herein the duly elected Sheriff of Hancock County Mississippi who may be served with process personally, or through his duly authorized designee or successor, at the Hancock County Sheriff's Department at the Hancock County Public Safety Complex at 8450 US

90, Bay St. Louis, Mississippi 39520.

5. Defendant Deputy Taylor Reed of the Hancock County Mississippi Sheriff's Department in his individual and official capacity, is an adult resident citizen of Hancock County Mississippi who may be served with process personally at the Hancock County Sheriff's Department at the Hancock County Public Safety Complex at 8450 US 90, Bay St. Louis, Mississippi 39520 or wherever he may be found.

6. Defendant Deputy Shondy Garcia of the Hancock County Mississippi Sheriff's Department in her individual and official capacity, is an adult resident citizen of Hancock County Mississippi who may be served with process personally at the Hancock County Sheriff's Department at the Hancock County Public Safety Complex at 8450 US 90, Bay St. Louis, Mississippi 39520 or wherever she may be found.

7. Defendant Deputy Ben O'Gwin of the Hancock County Mississippi Sheriff's Department in his individual and official capacity, is an adult resident citizen of Hancock County Mississippi who may be served with process personally at the Hancock County Sheriff's Department at the Hancock County Public Safety Complex at 8450 US 90, Bay St. Louis, Mississippi 39520 or wherever he may be found.

8. Defendant Deputy Darrell Hughes of the Hancock County Mississippi Sheriff's Department in his individual and official capacity, is an adult resident citizen of Hancock County Mississippi who may be served with process personally at the Hancock County Sheriff's Department at the Hancock County

Public Safety Complex at 8450 US 90, Bay St. Louis, Mississippi 39520 or wherever he may be found..

## SUBJECT MATTER AND PERSONAL JURISDICTION

9. The Plaintiff herein invokes federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiff as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable federal statutes, more particularly, 42 U.S.C. §1983 which provides that state and local officials can be sued for the deprivation of any rights, privileges or immunities secured by the constitution and federal laws and 42 U.S.C. §1985(3) which provides that individuals can also be held responsible for the deprivation of rights.

10. The Plaintiff brings state law claims that are properly before the Court via pendent supplemental jurisdiction.

## VENUE

11. Venue in this cause is proper in this Court pursuant to 28 U.S.C. §1391, because this suit respects conduct, acts and/or omissions of the Defendants which occurred completely within the jurisdiction of the United States District Court for the Southern District of Mississippi. These incidents occurred and/or originated in Bay St. Louis and Hancock County, Mississippi.

## FACTS

12. At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of the Plaintiff and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries suffered by the Plaintiff, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiff for the acts and omissions set out herein. The injuries to the Plaintiff, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their actions.

13. Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

14. On or about March 2, 2017, the Plaintiff called the Hancock County Sheriff's Department to report a domestic assault by her minor stepdaughter, K. W., who had a previous history of running away, and was threatening to run away again. Hancock County Sheriff Officers arrived at the Woods' home at 5231 Nathan Necaise Road, Perkinston, Mississippi, 39573, and the Plaintiff met them on the front porch of her home.

15. One of the Hancock County Officers at the Woods' home, Officer Taylor Reed, asked the Plaintiff, why they, the Hancock Sheriff's Officers, were called to

her home. The Plaintiff started to tell them a little about her stepdaughter's past history of running away, and Officer Reed stopped her and said, "No, why am I here now?" The Plaintiff then started to tell them how her stepdaughter ran away just days prior to the subject incident, and Officer Reed yelled, "No, I was called on a domestic disturbance call; Why am I here right now?" The Plaintiff told Officer Reed her stepdaughter had hit her and her father, Cary Woods. Officer Reed then asked if the Plaintiff if she wanted to press charges and she said yes.

16. The Hancock County Sheriff Officers, including Officer Reed, however, despite the Plaintiff's requests, refused to take the Plaintiff's stepdaughter into custody. The Plaintiff then called the Sheriff's Department back on a non-emergency line and requested to speak to a supervisor regarding her fear for her safety as well as her stepdaughter's intent to follow through with her threat to run away, because the officers refused to take her stepdaughter into custody. After that call, the Plaintiff thought the Hancock County Sheriff's Officers present were going to take her stepdaughter to the juvenile detention, as she requested, but, the Plaintiff was told that she was being arrested for making a false report that her stepdaughter had hit her again, committing an Abuse of a 911 Call. The Plaintiff did not call the Sheriff's Department and report that there had been a new incident of violence by her stepdaughter. The Plaintiff denied doing this at the scene to no avail. A reasonable officer would have reviewed the call recording made to the Hancock Sheriff's Office prior to arresting the Plaintiff, but the subject officers did not.

17. The Plaintiff, who had no prior criminal record, was arrested, handcuffed, unnecessarily tight, driven in such a to invoke fear for her safety, and taken to the Hancock County Sheriff's Department, where she was strip-searched for contraband, sprayed for bug infestation, had to remove a feminine tampon in front of a Hancock County Sheriff's Officer, made to squat and cough, photographed, placed in a jail cell, until she bonded out, approximately nine (9) hours later.

18. During the subject illegal detention, the Plaintiff and her stepdaughter's father, Mr. Woods, at the bond hearing that morning were falsely accused by officers of being intoxicated at the scene the incident, and thereafter, both Mr. & Ms. Woods submitted to drug and alcohol panels and passed all tests. The charge of Abuse of a 911 Call was subsequently dismissed after the Plaintiff hired an attorney who issued a subpoena for the Hancock Sheriff's Department call center records, which was objected to and not produced. The minor stepdaughter did in fact run away repeatedly thereafter and was placed in juvenile detention.

19. The unlawful prosecution, detention, and arrest of the Plaintiff was unreasonable, excessive and in reckless disregard of her safety, well-being and her rights as a citizen of the United States. The conduct of the law enforcement officers discloses a lack of adequate training and supervision by the Hancock County Sheriff's Department.

20. The Plaintiff suffered injuries as the proximate result of the unreasonable and/or reckless actions of Hancock County, the Hancock County Sheriff's Department, and the individual officers directly involved, to wit: Officer Taylor Reed (Badge Number H74), Officer Shondy Garcia (Badge Number H40), Officer

Darrell Hughes (Badge Number H43), and Officer Ben O'Gwin (Badge Number H61), all of who knew or should have known that they were violating the rights of the Plaintiff.

21. That the Defendants Hancock County, the Hancock County Sheriff's Department, and the individual officers directly involved, to wit: Officer Taylor Reed (Badge Number H74), Officer Shondy Garcia (Badge Number H40), Officer Darrell Hughes (Badge Number H43), and Officer Ben O'Gwin (Badge Number H61) did not conduct a reasonable investigation of the aforementioned alleged actions and acted with insufficient information resulting in the wrongful and false arrest and false imprisonment of the Plaintiff, without probable cause and were malicious in deprivation of the constitutional rights of the Plaintiff.

22. That the Defendants Hancock County, the Hancock County Sheriff's Department, and the individual officers directly involved, to wit: Officer Taylor Reed (Badge Number H74), Officer Shondy Garcia (Badge Number H40), Officer Darrell Hughes (Badge Number H43), and Officer Ben O'Gwin (Badge Number H61 acted unreasonably, willfully, wantonly and without probable cause in the false arrest and false imprisonment of the Plaintiff. That the Plaintiff was arrested, searched and that the Defendants had a duty to exercise reasonable and due care in the arrest of said person but that said arrest was without probable cause and that there was a breach of said due care and that the Plaintiff was in fact injured as a direct and proximate result of the actions of the Defendants.

23. The Plaintiff timely provided the required statutory notice of claim pursuant to Mississippi Code Annotated § 11-46-11 as required by the Mississippi Tort

Claims Act (MTCA) to each Defendant, and no response was received, other than an email acknowledgment from the Hancock County Clerk of Chancery Court and a telephone call acknowledging service from Defendant Darrell Hughes.

**COUNT I - 42 U.S.C. § 1983 and 1985**
**and State Law Claims (FALSE ARREST).**

24. Plaintiff re-alleges paragraphs 1 through 23 of this Complaint and incorporates them herein by reference.

25. The right to be free from false arrest is a clearly established right, and no reasonable officer could or would have believed that there was probable cause to arrest Plaintiff, and in fact, Defendants Reed, Hughes, Garcia, and O'Gwin, acted under color of law, individually and/or in conspiracy, but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1985, including Plaintiff's, right to be free from false arrest, as guaranteed by Amendments IV and XIV of the United States Constitution, by arresting her without probable cause to believe that she had committed any crime; and Plaintiff's, right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution; further, that the arrest of the Plaintiff by the Defendant Officers was without probable cause and without legal process pursuant to Mississippi law and further the arrest demanded the false imprisonment and caused the Plaintiff to be detained and said detention was unlawful under Mississippi law.

26. Plaintiff requests judgment against all Defendants, for compensatory and punitive

damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988. That the Plaintiff has undergone severe mental and emotional distress as a result of the wrongful arrest and false imprisonment by the Defendant, as well as public humiliation for false allegations made at the bond hearing as well as the charge against the Plaintiff and incurred actual expenses directly and proximately caused by the actions of Defendants.

**COUNT II, 42 U.S.C. § 1983 and 1985**
**and State Law Claims (Malicious Prosecution).**

27. Plaintiff re-alleges paragraphs 1 through 26 of this Complaint and incorporates them herein by reference.

28. Defendants Reed, Garcia, Hughes and O'Gwin individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against Plaintiff, all without probable cause. Defendants were each instrumental in the initiation and perpetuation of the prosecution of the Plaintiff, by acting with malice.

29. Defendants Reed, Garcia, Hughes and O'Gwin acted under color of law, individually and/or in conspiracy, but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1985, including: Plaintiff's right to be free from malicious prosecution, as guaranteed by Amendments IV and XIV of the United States Constitution, by causing criminal proceedings to be initiated against her without probable cause to believe that she committed a crime,

and by providing false testimony against the Plaintiff and her husband; and Plaintiff's, right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

30. The prosecutions were terminated in Plaintiff's favor and dismissed.

31. Defendants Reed, Garcia, Hughes and O'Gwin are liable for the malicious prosecutions of Plaintiff because said prosecutions were proximately caused by their unlawful actions as set forth. These actions directly and proximately caused the injuries and damages to Plaintiff as claimed, and constitute the tort of malicious prosecution under Mississippi law.

32. Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**COUNT III, 42 U.S.C. § 1983, 1985 and 1988**
**(Violation of First Amendment Rights)**

33. Plaintiff re-alleges paragraphs 1 through 31 of this Complaint and incorporates them herein by reference.

34. Defendants Reed, Garcia, Hughes, and O'Gwin individually and/or jointly and in conspiracy, initiated and acted in retaliation against Plaintiff all without probable cause, because the Plaintiff called on the Hancock County Non-Emergency line to express her continued concern when the Defendant Officers would not arrest the minor stepdaughter. Defendants were each instrumental in the initiation and

perpetuation of the retaliatory arrest of the Plaintiff in violation of her First Amendment Right to report a criticism of their actions as government actors at an appropriate time, manner and place.

35. Defendants maliciously misused or misapplied the legal process in order to obtain a result against the Plaintiff that was not lawfully warranted nor properly obtained to silence and retaliate against the Plaintiff for exercising her First Amendment Right and unreasonably deprived Plaintiff rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985, 1986 and 1988.

36. The Defendants knew or should have known that the criminal prosecutions that were initiated and continued against the Plaintiff were groundless and sought to use the legal process for an unlawful and improper purpose. These actions directly and proximately caused the injuries and damages to Plaintiff.

**Count IV, Conspiracy to Violate Constitutional Rights**

37. Plaintiff re-alleges paragraphs 1 through 35 of this Complaint and incorporates them herein by reference.

38. The Civil Rights Act of 1866, as amended, 42 U.S.C. §1985 and §1986, prohibits conspiracies to interfere with civil rights.

39. Defendants violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving

the Plaintiff of rights guaranteed to her under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

40. Defendants the Deputies Reed, Shondy, Hughes, and O'Gwin violated 42 U.S.C. 1986 in that they, having knowledge that wrongs conspired to be done, and mentioned in 42 U.S.C. 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby the Plaintiff has been injured and has been deprived of rights guaranteed to her under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

41. Defendants each had actual knowledge of the conspiracies to deprive the Plaintiff of her rights protected by 42 U.S.C. § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

42. As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of her rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in their health, strength and activity, sustaining injury to their body and shock and injury to their nervous system and person, which have caused, and will continue to cause, Plaintiff physical, mental, and emotional pain and suffering, all to her general damage in a sum which will be proven at trial as well as special damages.

## DAMAGES AND REMEDIES

43. The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiff for punitive damages, evidencing deliberate indifference to the rights of the Plaintiff.

44. As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries anddamages:

a. Past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self- esteem, loss of her good name, loss of the esteem and respect from the community, the fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered;

b. Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre- judgment and post-judgment interest; and

c. All other damages available under federal and state law, including punitive and/or exemplary damages.

d. That the aforesaid damages to the Plaintiff having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard and/or malicious or intentional acts of the Defendants, the Plaintiff is entitled to sue and recover damages proximately resulting there from, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of Mississippi and the United States.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff, Melissa L. Woods, demands judgment of and from the Defendants in an amount that will reasonably

compensate Plaintiff for her injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages of $15,000.00 DOLLARS, punitive damages of $75,000.00 DOLLARS, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper and equitable.

This 10th day of March, 2020.

STAN SMITH
MS BAR NO.: 99959

1818 20TH AVE
GULFPORT, MS 39501
Phone: 228-860-8001
Email:stansmithattorney@gmail.com
Fax: 866-385-5642

STATE OF MISSISSIPPI

COUNTY OF HARRISON

**PERSONALLY APPEARED BEFORE** ME, the undersigned authority in and for the above-named state and parish, the within named MELISSA L. WOODS, who, being by me first duly sworn, states on oath that all the allegations contained in the above and foregoing *Complaint* are true and correct as therein stated, and as to those things stated on information and belief, She verily believes them to be true and correct and that she has signed and executed said *complaint* as her voluntary act and deed.

MELISSA L. WOODS

SWORN TO ME AND SUBSCRIBED BEFORE ME, this 10th day of March, 2020.

NOTARY

MY COMMISSION EXPIRES: 7-29-20

STAN SMITH
NOTARY PUBLIC
HARRISON CO.
STATE OF MISSISSIPPI