IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MELISSA L. WOODS**                                                 **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 1:20-CV-80-HSO-JCG**

**HANCOCK COUNTY MISSISSIPPI**
**SHERIFF'S DEPARTMENT, et al.**                                    **DEFENDANTS**

## ORDER SETTING DEADLINE
## FOR FILING PROOF OF SERVICE OF PROCESS

This matter is before the Court *sua sponte* to address service of process. Plaintiff filed her Complaint (ECF No. 1) on March 2, 2020, and a redacted Complaint (ECF No. 4) on March 10, 2020. Plaintiff named Hancock County Mississippi Sheriff's Department, Ricky Adam, Taylor Reed, Shondy Garcia, Darrell Hughes, and Ben O'Gwin as Defendants. Summons were issued to the Sheriff's Department, Hughes, O'Gwin, and Reed on March 2, 2020 (ECF No. 2) and to Adam on March 10, 2020 (ECF No. 5). A summons was not issued to Garcia, and no proof of service on any of Defendant has been filed. Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

**IT IS, THEREFORE, ORDERED** that Plaintiff is granted until **July 7,**

**2020**, to file proof of valid service of process on Defendants. If Plaintiff does not serve Defendants, and file proof of valid service by this date, or otherwise show good cause for the failure to do so, the claims against Defendants will be subject to dismissal without prejudice and without further notice to Plaintiff.

**SO ORDERED**, this the 9th day of June, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE